STATE OF MAINE                                    SUPERIOR COURT
Penobscot, SS.                                    Docket No. CV-2016-0102


Eileen Short and Nicole Stepanek,)
            Plaintiffs,      )
                             )
                             )
                             )
        v.                   )          **Order**
                             )
                             )
                             )
Deborah M. Johnson,          )
            Defendant.       )


This case arises out of a dispute as to the final resting place for the remains of Matthew Fitzgerald, who died at the age of 37 on September 29, 2015. Plaintiffs, who are Decedent's sisters, wish for Decedent to remain in the cemetary where he was interred soon after his death. Defendant, Decedent's mother, wishes to disinter the remains and rebury them in a private cemetary she has set aside, fenced, and landscaped on her property.

The case was tried on November 4, 2016. Plaintiffs were represented by Attorney John Lambert, Defendant by Attorney C. Peter Bos. The court is grateful to both attorneys for their sensitive presentation of these difficult issues at trial.

The court's decision is based on a statute, 22 M.R.S. §2843 (2), which reads, in full, as follows:

**2. Permit for disinterment or removal.** A dead human body may not be disinterred or removed from any vault or tomb until the person in charge of the disinterment or removal has obtained a permit from the State Registrar of Vital Statistics or from the clerk of the municipality where the dead human body is buried or entombed. The permit must be issued upon receipt of a notarized application signed by the next of kin of the deceased who verifies that the signer is the closest surviving known relative and, when any other family member of equal or greater legal or blood relationship or a domestic partner of the decedent also survives, that all such persons are aware of, and do not object to, the disinterment or removal. This subsection does not preclude a court of competent jurisdiction from ordering or enjoining disinterment or removal pursuant to section 3029 or in other appropriate circumstances. For purposes of this subsection, "domestic partner" means one of 2 unmarried adults who are domiciled together under long-term arrangements that evidence a commitment to remain responsible indefinitely for each other's welfare.

Following the close of the evidence, the court offered extensive observations about what it had just seen and heard. Those observations are on the record and need not be repeated here. The court is required to evaluate whether the evidence presents "appropriate circumstances" for entry of an injunction prohibiting Defendant from fulfilling her desire to move Decedent's remains to her private cemetary.

The statutory phrase "appropriate circumstances" could hardly be broader. This court concludes appropriate circumstances for an injunction exist here. Defendant's testimony that she planned at the outset to have Decedent moved to her private cemetary, that she conveyed that plan to Plaintiff Short, and that Plaintiff Short simply did not hear her, is at least plausible due to the parties' unhappy relationship and the grief they all suffered at the time. It is not, however, in the court's evaluation, a reliable version of what actually occurred. Regardless, these parties are now at serious odds with one another and it does not make sense to allow Decedent to be moved to a place where Plaintiffs will have to encounter Defendant whenever they want to visit their brother's grave. Further, the cemetary where Decedent now rests is, without dispute, a beautiful and suitable place for him to remain. The cemetary will exist and be maintained long after Defendant is no longer available to care for her private place of interment. All of Matthew's living relatives, as well as his descendants yet to come, will be better served by leaving him where he is.

JUDGMENT shall therefore enter in Plaintiffs' favor on Counts One and Two of their complaint. Neither party shall bear the other's costs. Counsel for Plaintiff shall submit a proposed injunction comporting with the terms of this order.

The clerk shall enter this order on the docket by reference.

Dated: November 15, 2016

Bruce C. Mallonee
Justice, Maine Superior Court